Reade, J.
 

 Under the will of James H. Martin his widow,. Charlotte Martin, took a life estate in the property, with remainder to Lemuel K. Martin, the complainant’s intestate. Lemuel K. Martin died intestate in the life time of the tenant for life, and his remainder vested in the complainant as his administrator, for the benefit of the next of kin.
 

 Emily, one of the daughters of Lemuel K. Martin, intermarried with James M. Waddill, and died after the death of her father, but in the lifetipie of the tenant for life; and her interest vested in her administrator for the benefit of hex" surviving husband. Her husband then died in the lifetime of the tenant for life, aixd upon his death his
 
 beneficial
 
 interest vested in his executor, the defendant Mr. Hargrave.
 
 Woodley
 
 v.
 
 Gallop,
 
 5 Jon. Eq., 138;
 
 Coleman
 
 v.
 
 Hallowell,
 
 1 Jon. Eq., 204.
 

 The same facts and principles apply to the interest of Eleanoi', another daughter of Lemuel K. Martin, intermarried with Thomas Waddill, except that Thomas Waddill is still living, and is entitled to the interest of his deceased wife, Eleanor, through her administratoi-.
 

 The complainant was not obliged to go to Texas to recoveithe property of his intestate in the hands of the defendants, James H. Martin and Edmund Martin. But it is his right and his duty to retain their shares in the estate in his hands, and to hold them to an account for the benefit of the estate,
 
 *127
 
 to the extent of the value of the property upon the termination of the life estate of Charlotte Martin, if of less value than their shares; and to the extent of the value of their shares if the shares are of less value than the property.
 

 We have had some doubt as to allowing costs. An administrator or executor will not be allowed costs where the questions raised for the advice of the court may, with reasonable certainty, be solved by counsel; nor where costs are improvidently incurred in making unnecessary parties; all of which seems to be the case here. But as the questions raised have really been 'controverted by some of the defendants in their answers, we suppose that if the complainant had acted without the advice of the court, he would have been sued at all events. He is therefore allowed his costs, including $35, expenses incurred in attending on the Clerk to state an account, to be paid out of the shares of James H. Martin and Edmund Martin, in the fund in complainant’s hand. The defendants who have answered, except defendant Hargrave, whose cost must be paid out of the fund, must pay their own costs. And the complainant must pay, out of his own funds, the costs of making parties the other defendants, who have not answered, except the defendants James H. and Edmund Martin aforesaid.
 

 Per Curiam.
 

 Decree accordingly.